**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NEBIO DE JESUS ECHEVERRY CADAVID )<br>  Calle 8 NO. 12 21, Oficina 1108 )<br>  Edificio Restrepo Zona Centro )<br>  Bogota D.C., Departamento de Cundinamarca )<br>  Republica de Colombia )<br>                         *Plaintiff* )<br>             v.             )<br>                                )<br>UNITED STATES DEPARTMENT OF TREASURY, )<br>OFFICE OF FOREIGN ASSETS CONTROL, )<br>  U.S. Department of Treasury )<br>  Treasury Annex )<br>  1500 Pennsylvania Avenue NW )<br>  Washington, DC 20220 )<br>    and )<br>                                )<br>ADAM J. SZUBIN, )<br>  in his official capacity as Director of the Office of )<br>  Foreign Assets Control )<br>    U.S. Department of Treasury )<br>    Treasury Annex )<br>    1500 Pennsylvania Avenue NW )<br>    Washington, DC 20220 )<br>      and )<br>                                )<br>THE HONORABLE JACOB J. LEW, )<br>  in his official capacity as Secretary of the Department )<br>  of Treasury )<br>    U.S. Department of Treasury )<br>    1500 Pennsylvania Avenue NW )<br>    Washington, DC 20220 )<br>                         *Defendants.* ) | Case No. _____ |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF IN
THE NATURE OF MANDAMUS**

Petitioner Nebio De Jesus Echeverry Cadavid ("Petitioner" or "Cadavid"), by and through his undersigned counsel, pursuant to 5 U.S.C §§ 555(e) and 706, hereby files this Complaint and petitions this Court to issue a Declaratory Judgment, or alternatively, a Writ of Mandamus compelling the United States Department of Treasury, Office of Foreign Assets Control ("OFAC"), OFAC Director Adam J. Szubin, and Secretary of the Treasury Jacob J. "Jack" Lew to remove Cadavid from the Specially Designated Nationals List ("SDN List").  As explained herein, Cadavid's continued status as a Specially Designated National, which subjects him to economic sanctions, is unlawful and has caused and continues to cause him severe harm.

**PARTIES**

1. The Office of Foreign Assets Control is a federal agency within the United States Department of Treasury, located at 1500 Pennsylvania Avenue NW, Washington, DC 20220. OFAC is responsible for administering and enforcing economic and trade sanctions against targeted foreign countries and regimes, terrorists, international narcotics traffickers, those engaged in activities related to the proliferation of weapons of mass destruction, and other threats to the national security, foreign policy or economy of the United States.  One such mechanism for accomplishing this task is through the SDN List, which OFAC maintains.  *See* 31 C.F.R. Part 588.

2. Petitioner Nebio De Jesus Echheverry Cadavid is a foreign national residing in Colombia. Cadavid is a successful businessman and a former politician and civic leader, having been a Governor of the Colombian State of Guaviare from 2001-2003. He was investigated by the Colombian government for allegedly having ties with the Autodefensas Unidas de

Colombia ("AUC"), a violent paramilitary group in Colombia. However, on about February 6, 2014, the Delegate Prosecutor of the Supreme Court of Colombia after a lengthy and comprehensive investigation decided not to file any criminal charges against Cadavid. Cadavid has never been arrested in the United States or elsewhere or convicted of a crime in any country. In the United States he has never even been accused of any wrongdoing, ever.

3. Mr. Adam J. Szubin is the Director of OFAC. He is being sued in his official capacity.

4. The Honorable Jacob J. "Jack" Lew is the Secretary of Treasury of the United States. He is being sued in his official capacity.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to the Mandamus Act, 28 U.S.C. § 1361, the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a), 2202, and the Administrative Procedure Act, 5 U.S.C. § 706(1). The Court has jurisdiction over the subject matter of claims pursuant to 28 U.S.C. § 1331.

6. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and (e).

## BACKGROUND AND FACTS

7. Cadavid is a successful businessman and a former politician and civic leader. From about 2001 to 2003 he was the Governor of the Colombian State of Guaviare. Cadavid is also owner of numerous businesses in Colombia. Several of Cadavid's business were also listed on the OFAC list. Presently those businesses have been liquidated or are active but are unable

to conduct business due to the OFAC's restrictions. Evidence of this was provided to the OFAC.

8. On March 2, 2010, the OFAC published a complete list of the SDNs in the Federal Register. Cadavid was included on the list.

9. On March 31 2010, former counsel for Cadavid, Joaquin Perez submitted a written request to Michael Swanson, Assistant Director of the OFAC, pursuant to 31 C.F.R. § 501.807, requesting that Cadavid and his companies be removed from the SDN List. The letter requested that Perez be instructed as to what, if any, information would be required by the OFAC.

10. On April 22, 2010, the OFAC submitted a request for information. Promptly, on July, 14, 2010, counsel for Cadavid submitted a response to the OFAC's inquiry along with supporting documents.

11. On October 11, 2010, counsel for Cadavid renewed his written request to Assistant Director Swanson, pursuant to 31 C.F.R. § 501.807, seeking the removal of Cadavid's name from the SDN List and inquired as to the status of the case since submission of the requested documents. On November 12, 2010, counsel once again requested a status update on Cadavid's petition for removal.

12. On December 21, 2010, the OFAC submitted a request for further information from Cadavid. A response along with the required supporting documents was promptly provided to the OFAC on March 10, 2011.

13. On September 20, 2011 and November 10, 2011, former counsel for Cadavid once again submitted a written request to the OFAC seeking a status update on Cadavid's petition for removal.

14. On January 3, 2012, ten months after Cadavid submitted a response to OFAC's second request for information, OFAC responded to former counsel's inquiry by indicating that the department was continuing to review Cadavid's request to reconsider his designation as an SDN.

15. Cadavid retained our office on April 26, 2014. At that point more than two years had passed since Cadavid last received a case status update from the OFAC.

16. On July 21, 2014, this office submitted a supplement petition for removal on behalf of Cadavid (Exhibit A). Along with the petition, a copy of the decision reached by the Delegate Prosecutor of the Supreme Court in favor of Cadavid was submitted (Exhibit B), a certified English language translation (Exhibit C), and two liquidation certificates for two businesses owned by Cadavid which appeared on the OFAC list (Exhibit D). Although that investigation may have triggered the OFAC listing Cadavid as a SDN, that investigation concluded and no criminal charges were filed against Cadavid. The OFAC throughout this process has been provided with numerous documents to support Cadavid's request to be removed from the OFAC list.

17. Following our filling, numerous attempts were made to contact the OFAC by telephone, and e-mails. However, after the OFAC's continuous failure to return our calls, our office submitted written requests for information to the OFAC's compliance department on August 19, 2014, to the OFAC Bogota office on September 11, 2014, and to the OFAC Director, Adam Szubin, on September 18, 2014.

18. Almost three months after our filing of Cadavid's supplemental petition, on October 14, 2014, the OFAC's Office of Global Targeting ("OGT") submitted a request for

further information from Cadavid. Promptly, on November 28, 2014, this office submitted a response to the OGT's inquiry along with supporting documents (Exhibit E).

19.     On January 5, 2015, our office submitted a written request by e-mail to the OGT seeking a status update on Cadavid's petition for removal.  Two weeks later, on January 20, 2014, our office submitted a written request for a case update to the OFAC Director Adam J. Szubin.

20.     Cadavid has yet to receive a decision on his petition, and almost five years have passed since Cadavid initially requested that he be delisted.  The OFAC has still not removed him from the SDN List despite having no legal authority for continuing to list him.

21.     Cadavid has suffered, and continues to experience, enormous economic harm by being unable to access the global financial system because he has continued to be wrongly listed on the SDN List and is subject to the attendant economic sanctions.

## CAUSE OF ACTION – UNREASONBLE DELAY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT SUFFICIENT TO WARRANT MANDAMUS

22.     Plaintiff Cadavid re-alleges and fully incorporates by reference the allegations contained in paragraphs 1-21 *supra*.

23.     31 C.F.R. § 501.807 provides that a "blocked person" includes a "person blocked under the provisions of any part of this chapter, including a specially designated national . . . ." That same provision permits a blocked person to seek administrative reconsideration of his designation and removal from the SDN List subject to the procedures detailed therein.  *See* 31 C.F.R. § 501.807(a)-(d).  31 C.F.R. § 501.807(d) states that OFAC

6

"will provide a written decision to the blocked person" after the individual submits a request for reconsideration.

24. The Administrative Procedure Act, 5 U.S.C. § 555(e), requires that prompt notice be given of the denial of a written application, petition, or other requested made by an interested person in an agency proceeding. Further, 5 U.S.C. § 706 provides that a reviewing court "shall decide all relevant questions or law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." The court "shall compel agency action unlawfully withheld or unreasonably delayed." *Id*. at § 706(1).

25. A reviewing court may hold unlawful action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C), or "without observance of procedure required by law," U.S.C. § 706(2)(D). "Agency action" includes "failure to act." U.S.C. § 551(13). An administrative agency may not subject its regulatees to unreasonable delay in the performance of its responsibilities. *Telecomm. Research & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984). This Court should recognize that "delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake . . . ." *Id*. at 80.

26. OFAC has violated, and continues to violate, 5 U.S.C. §§ 555 and 706 by unreasonably delaying the removal of Cadavid from the SDN List, and by unreasonably delaying a written response to Cadavid request that he be removed from the SDN List. OFAC has provided no explanation for the delay and failure to undertake an action or issue a decision reaching that result.

27. Mandamus is an appropriate remedy whenever an applicant demonstrates a clear right to have a government official perform his or her duty. OFAC has already demonstrated that it has no intention even to respond to Cadavid's inquiries. Because OFAC could keep Cadavid in perpetual legal limbo by neither responding to him nor processing his request, Cadavid has "no other adequate means to attain the relief he desires." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35. Thus, an order of mandamus directed to OFAC is appropriate in this case.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioner Nebio De Jesus Echeverry Cadavid respectfully prays that this Court:

a. Declare, pursuant to the Court's authority under 28 U.S.C. §§ 2201(a) and 2202, that the continued inclusion of Cadavid on the SDN List is unlawful;

b. Issue a writ of mandamus ordering OFAC to remove Cadavid from the SDN List;

c. Award Cadavid attorneys' fees and costs incurred in this action; and

d. Award Cadavid other and further relief as this Court deems just and proper.

Respectfully submitted,

By:  /s/ Alexei Schacht

Alexei Schacht, DC Bar No. AS9304
Alexei Schacht, Attorney At Law
123 W. 94th Street
New York, NY 10025
Telephone: (646) 729-8180
Fax: (212) 504-8341
alexei@schachtlaw.net